OPINION
Plaintiff-appellant Dusty Drilling Producing Company appeals the June 27, 2000 Judgment Entry of the Perry County Court of Common Pleas, which granted judgment in favor of defendants-appellees Judy Faber, Paul Faber, Paul Faber, Jr., Hawking Valley Concrete, and Tyjen, Inc.
 STATEMENT OF THE CASE AND FACTS
Appellee Judy Faber is the owner of real estate which is the subject of this litigation. Appellees decided to place two modular homes on the property. Accordingly, Paul Faber, Jr. and Judy Faber entered into a contract with appellant whereby appellant would construct a driveway, dig three basements, backfill around the basements after they were constructed, and install water and sewer lines. Appellees agreed to pay appellant for all time and materials. The Fabers acted as their own general contractors in the construction of the two residences at issue, and employed various subcontractors to assist them in the construction. On August 9, 1999, appellant filed an affidavit for a mechanics lien for the labor, material, and worked performed on appellees' property. The mechanics lien was for the sum of $8,833.06. After construction was complete, appellees began to experience significant problems with the foundations and basements. Specifically, the basements in each home had leaks, which allowed a substantial amount of water to enter the basements. After the basements began to leak, appellees stopped any further payment under the contract with appellant. Accordingly, on November 4, 1999, appellant filed a Complaint for foreclosure of its mechanics lien. On November 29, 1999, appellees filed an answer and counterclaim, alleging breach of contract for appellant's failure to properly design and provide construction in a workmanlike manner. Further, appellees alleged appellant had acted with negligence with regard to the design and installation of the sewer systems on their property. The matter proceeded to a trial before the court on May 24, 2000. Appellant has failed to file a transcript of the trial proceedings. However, in its June 27, 2000 Judgment Entry, the trial court provides lengthy findings of fact and conclusions of law. The trial court found appellant agreed to provide certain labor and material for the foundations of two new modular homes to be purchased by appellees. Unfortunately, when construction was completed, both basements permitted significant amounts of water to flow into them. Further, the basement wall of appellees Paul Faber, Jr., and Judy Faber's home was cracked and had a bow of two to three inches. The trial court found the appropriate amount of river gravel to be placed on top of foundation footer drains, which appellants had been hired to install, is more than three feet and is approximately twelve inches from the surface of the ground. However, when constructing said drains, appellant placed only sixteen to eighteen inches of river gravel on top of the foundation footer drains. The trial court found this was insufficient gravel to cover the footer drains. Further, the trial court heard testimony foundation drains should be permitted to flow downhill. When a drain is not permitted to flow down hill, it is constructed in an unworkmanlike and unsatisfactory manner, not in compliance with the standards of the industry. Nonetheless, the foundation drain on appellees' property flowed uphill approximately one and one half inches. The trial court also found appellant crushed the footer drains when it backfilled the property, allowing the footer drains to fill with mud. Further, appellant had failed to provide a straw barrier between the gravel and the dirt as is customarily used in construction. From these facts, the trial court concluded appellant breached the contract and failed to complete the job in a workmanlike manner. Specifically, the trial court found because appellant failed to place the appropriate amount of river gravel on top of the foundation drains; appellant failed to properly back fill the drains; and appellant failed to properly locate the level of the drains, appellant breached its duty to construct the structures in a workmanlike condition. The trial court found appellees fully complied with their obligations to pay appellant until such time as the water began to flow into the basements. At that time, the trial court found appellees were justified in refusing payment. The trial court also concluded appellant could not be responsible for all of the defects alleged in appellees' counterclaim. In its June 27, 2000 Judgment Entry, the trial court granted appellant $7,032.77 on the complaint but further ordered appellees to receive $23,353.80 on the counterclaim. It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE JUDGMENT OF THE TRIAL COURT IS NOT SUPPORTED BY THE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN THAT THE FINDINGS ARE CONTRADICTORY TO THE JUDGMENT AND THERE IS NOT [SIC] FACTUAL BASIS FOR THE JUDGMENT AWARDED AGAINST PLAINTIFF-APPELLANT.
 I
In its sole assignment of error, appellant maintains the trial court erred in finding it responsible for the defective construction of the foundations. Specifically, appellant points to conclusion of law number 15 in which the trial court states, "* * * and the failure to construct these basements in a dry manner constitutes a breach of contract by [appellant]." As an initial matter, we note appellant failed to file a transcript of the trial. Accordingly, the findings of fact of the trial court are deemed conclusive. The question before this Court is, therefore, whether the findings of fact support the trial court's ultimate conclusions of law. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. We concede the trial court did in fact conclude appellant failed to "construct" the basements in a dry manner, even though appellants did not construct the actual basements. However, the trial court also concluded the failure of appellant to properly place the appropriate amount of river gravel on top of the foundation drains, properly back fill the drains, and properly locate the drains constituted the breach of contract. Further, while appellants did not in fact construct the basements, their failure to perform their specific construction duties under the contract in a workmanlike manner caused the excess water to surround the basements causing the cracks in the foundation and the subsequent water damage. Accordingly, we find the trial court's was supported by competent, credible evidence.
The June 27, 2000 Judgment Entry of the Perry County Court of Common Pleas is affirmed.
 _____________ Hoffman, P.J.
Wise, J. and Boggins, J. concur.